Leslie R. Weatherhead
Nathan G. Smith
WITHERSPOON KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509-624-5265
Counsel for Defendant,
BNSF Railway Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| B & S HOLDINGS, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation, CITIBANK N.A., a National Banking Association, successor to THE FIRST NATIONAL BANK OF THE CITY OF NEW YORK; and U.S. BANK TRUST NATIONAL ASSOCIATION, a National Banking Association, successor to MORGAN GUARANTY TRUST COMPANY OF NEW YORK,<br><br>Defendants. | Case No. 12-CV-387-TOR<br><br>MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND IN SUPPORT OF CROSS-MOTION TO DISMISS |

## I.    NATURE OF CASE AND RELIEF SOUGHT

B&S Holdings, LLC ("B&S") sued BNSF Railway Company ("BNSF") seeking to obtain title in fee simple to part of its right of way along the main line

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 1



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

between Seattle and Spokane.[1] BNSF removed to this court. B&S moves for an order remanding this case to Washington State Superior Court on the grounds that no federal question is presented because, it suggests, there is no federal preemption. BNSF Railway Company ("BNSF") cross moves for dismissal, on the ground that exclusive jurisdiction resides in the Surface Transportation Board under the express terms of federal statute. Since these issues present opposite sides of the same legal question, BNSF respectfully presents its points in a single brief.

Railroad transportation is one of the industries most completely and pervasively regulated by the federal government. In 1995, Congress enacted the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501, *et. seq.* ("ICCTA") for the purpose of amending the Interstate Commerce Act to expand federal preemption over railroad operations and to use its constitutional power to

---

[1] B&S alleges it has sold its interest in the real estate to Wenatchee School District No. 246. (ECF No. 1-1 at 15) (Complaint, ¶1.3). B&S is thus not the real party in interest in the quiet title action. That is not a basis for dismissal of the action, unless the failure to include the real party in interest remains uncured after a party objects. Fed. R. Civ. P. 17(a)(3). BNSF hereby gives notice of its objection to B&S proceeding without joining the real party in interest.

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 2

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

invalidate state law rules, regulations and causes of actions that have the effect of regulating rail transportation. The ICCTA created the Surface Transportation Board ("STB") for the purpose of controlling all aspects of railroad operation and resolving claims against railroads.

B&S asserts a claim seeking to obtain title in fee simple through adverse possession to a portion of BNSF's property that is part of the right-of-way through Wenatchee, Washington, on the main line between Spokane and Seattle. This claim has the effect of limiting (and thereby regulating) BNSF's rail transportation operation. Claims for fee simple title to railway property through adverse possession have been completely pre-empted by the ICCTA and the STB because they have the effect of regulating rail transportation. They involve assertions that a railroad has abandoned part of its facility, which are expressly within the exclusive jurisdiction of the STB. Since the claim is completely preempted by the ICCTA this Court lacks jurisdiction and this matter is required to be addressed by the STB. As a result, this case must be dismissed.

BNSF properly removed this case to this Court on the basis of complete federal preemption of all state law claims that have the effect of regulating right-of-way. BNSF also asserts that this matter is also now properly removable on the basis of diversity jurisdiction, having recently received information that the amount in controversy is certainly over $75,000.

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 3



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

## II. FACTS

**1. BNSF ACQUIRED THE RIGHT-OF-WAY AT ISSUE IN 1892.**

BNSF is an interstate freight rail transportation carrier that transports commodities and goods across North America. (Weatherhead Decl., ¶ 3). In 1892, BNSF's predecessor acquired the right-of-way one hundred feet in width through the City of Wenatchee. (Weatherhead Decl., ¶ 4, Ex. A). This right-of-way is on BNSF's main line between the City of Spokane and the City of Seattle. (Weatherhead Decl., ¶ 5). It is an essential component of BNSF's east-west rail corridor. (*Id.*).

BNSF uses its entire right-of-way for, among other things, a safety corridor, loading and unloading of its rail cars, track maintenance and derailment response. In addition, maintenance of the entire right of way is a necessary component of present-day planning for future operations. (Weatherhead Decl., ¶¶ 6, 7).

**2. B&S CLAIMS THAT IT IS EXCLUSIVELY ENTITLED TO THE USE OF BNSF'S RIGHT-OF-WAY.**

B&S asserts a claim for adverse possession seeking to quiet title in its favor a portion of BNSF's right-of-way for its exclusive use in the amount of 2,647 square feet, thereby divesting BNSF of fee title to right-of-way that it has owned

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 4

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

for in excess of one hundred years and removing the property from the national rail network. (ECF No. 1-1 at 18) (Complaint, Ex. A).

## III. DISCUSSION

### A. STANDARD FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION.

BNSF asks that this court deny the remand order, on the ground that federal question is presented because state law is preempted by federal law, then to dismiss the case because under that federal law jurisdiction is vested exclusively in the STB (while BNSF's motion could have been presented to the state court, BNSF removed the case on the belief that the federal forum was the correct one in which to vindicate the federal interest of the STB).

A party is permitted to attack the jurisdiction of the court pursuant to Fed R. Civ. P. 12(b)(1). Such a claim can be either made based upon the allegations in the complaint or as a "speaking motion" challenging the existence of subject matter jurisdiction in fact. *Thornhill Pub. Co., Inc., v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). When the jurisdictional elements are separable from the merits of the case, a court can consider evidence presented with respect to the jurisdictional elements and rule as to that issue. *Id.* There is no presumptive truthfulness that attaches to the plaintiff's allegations and the plaintiff bears the burden of proof that jurisdiction

MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 5

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

does in fact exist. *Id.* (quoting *Mortensen v. First Fed. Sav & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir. 1977). Courts are permitted to review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).

**B.   B&S'S ADVERSE POSSESSION CLAIM IS PREEMPTED.**

    1.   <u>The ICCTA Pervasively and Completely Regulates Railroad Transportation.</u>

B&S asserts an action to quiet title by adverse possession to part of BNSF's main line through the City of Wenatchee, Washington for its exclusive use. Adverse possession claims are wholly preempted by the ICCTA and the STB therefore this Court and the Chelan County Superior Court do not have jurisdiction over the case.

"Congress and the courts long have recognized a need to regulate railroad operations at the federal level." *City of Auburn v. United States,* 154 F.3d 1025, 1039 (9th Cir. 1998). The federal authority to regulate railroads under the Commerce Clause is "well established" and preclusive. *Id.* (citing *Houston, E. & W. Tex. Ry. v. United States,* 234 U.S. 342, 350-52 (1914).

The power to regulate the railroads is derived from the Interstate Commerce Act which is recognized as "among the most pervasive and comprehensive of federal regulatory schemes." *Chicago & N.W. Transp. Co. v. Kalo Brick & Tile*

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 6

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

*Co.,* 450 U.S. 311, 318 (1981). Before the enactment of the ICCTA, the United States Supreme Court found the powers of preemption "clear, broad and unqualified." *Nortfold & Western Ry. v. American Train Dispatchers Ass'n,* 499 U.S. 117, 138 (1991).

    2.   <u>The Surface Transportation Board Has Exclusive Jurisdiction Over Interstate Rail Functions and Proceedings.</u>

The ICCTA, when it was enacted, amended the Interstate Commerce Act and created the STB. The ICCTA expressly preempts all state or local regulations that conflict within the regulatory mission of the STB. It states:

> (b) The **jurisdiction** of the Board over—
>
> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the **construction, acquisition, operation, abandonment**, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> **is exclusive**. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are **exclusive and preempt the remedies provided under Federal or State law.**

49 U.S.C. § 10501(b).

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 7

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

Courts have recognized that the intent of congress was to provide the STB with extensive authority over rail operations. *City of Auburn,* 154 F.3d at 1029-31. The jurisdiction of the STB is exclusive and exists until such time as there is a full, unconditional and conclusive abandonment of the railroad line. *Lucas v. Township of Bethel,* 319 F.3d 595, 604 (3d Cir. 2003); *Baros v. Texas Mexican Ry. Co.,* 400 F.3d 228, 236 (5th Cir. 2005). The STB is "uniquely qualified to determine whether state law should be preempted by the [ICCTA]." *Emerson v. Kansas City S. Ry. Co.,* 503 F.3d 1126, 1130 (10th Cir. 2007). The STB is vested with the authority to issue declaratory orders to eliminate controversy or remove uncertainty. See, e.g. 5 U.S.C. § 554 (c), 49 U.S.C. § 721.

The STB interprets section 10501(b) broadly to preempt any kind of local permitting or regulatory requirement that could interfere with a railroad's construction or operating plans. *See e.g., North San Diego County Transit Dev. Bd. - Petition for Declaratory Order,* 2002 WL 1924265 (STB served August 21, 2002) (preemption of local permitting regulation); *Joint petition for Declaratory Order- Boston & Maine Corp. and Town of Ayer, MA,* 2001 WL 1174385 (STB served Oct. 5, 2001) (state and local permitting, environmental review and noise ordinance preempted with respect to construction and operation of intermodal facility); *Borough of Riverdale-Petition for Declaratory Order-The New York, Susquehanna & W. Ry.,* 1999 WL 715272 (STB served Sept. 10, 1999) (local

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 8

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

zoning and land use constraints concerning railroad's construction and operation of transload facility preempted).

### 3. The State Law Adverse Possession Claims are Completely Preempted.

In order for a claim to be preempted and exclusive jurisdiction to lie with the STB it must constitute a remedy under federal or state law. 49 U.S.C. § 10501(b). The STB itself determined that a "state or local regulation" includes state property law claims advanced by non-governmental entities where such claims have the effect of interfering with railroad operations. *Mid-America Locomotive and Car Repair, Inc. – Petition for Declaratory Order*, FD 34599 (STB served June 6, 2005); *City of Lincoln v. Surface Transportation Board*, 414 F.3d 858, 861 (8th Cir. 2005); *Phillips Co. v. The Denver & Rio Grande Western R. Co.*, 97 F.3d 1375 (10th Cir. 1996) (Applying ICC preemption to preempt quiet title action).

Decisions of the STB are owed *Chevron* deference and provide guidance on the scope of both the ICCTA and STB preemption. *Ass'n of American Railroads v. South Coast Air Quality Management District*, 622 F.3d 1094 (9th Cir. 2010) (holding that the ICCTA preempted the state law specifically targeted at railroad operations).

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 9

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

In *Jie Ao and Xin Zhou – Petition for Declaratory Order*, the STB conclusively determined that the state law remedy of adverse possession is preempted irrespective of whether it is analyzed as "categorical" or "as-applied" preemption. *Jie Ao and Xin Zhou*, 2012 WL 2047726 at * 1 (STB June 6, 2012).

In *Jie Ao and Xin Zhou*, the plaintiff made a claim in King County Superior Court for adverse possession for exclusive control of a 35-foot by 135-foot strip of railroad right-of-way and a claim for a non-exclusive prescriptive easement. *Id.* The case was dismissed by the King County Superior Court and filed in the STB to answer the question of federal preemption. *Id.* at 2-3. The STB, determined that an adverse possession claim was the equivalent to the regulation of rail transportation, stated:

> Here, Petitioners' claim to Parcel D is preempted under either a "categorical" or "as applied" preemption analysis. We find that the application of adverse possession to this strip of rail-banked ROW would amount to **regulation of rail transportation** because it would confer exclusive control to the Petitioners over property that is part of the national rail network.

*Id.* at 3 (emphasis added). The STB, in concluding that the adverse possession claim was preempted ruled that if adverse possession claims were permitted to go forward prior to the right-of-way being permanently removed from the rail system would allow for property owners to "carve off" strips of right-of-way contrary to

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 10

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

the "strong federal policy in favor of retaining rail property in the national rail network." *Id.* at 7.[2]

Similarly, the Arkansas Supreme Court affirmatively held that the STB had exclusive jurisdiction over claims for adverse possession for railroad right-of-way. *Ouachita R.R., Inc. v. Circuit Court of Union County,* 361 Ark. 333 (2005). The Court stated, in issuing a writ of prohibition to the lower court restraining it from considering the merits of the adverse possession claim:

> Because any determination by the circuit court on the matter of title or any right to the land would interfere with the STB's jurisdiction as provided for in the statute, we hold that the circuit court is wholly without jurisdiction to determine the abandonment and adverse possession claims but also any equitable defenses asserted by the Harbours that see to bestow upon them any right to use of the land. It is the STB that has exclusive jurisdiction over such matters.

*Id.* at 345.

B&S's adverse possession claim is a claim for fee simple title to, and exclusive use of BNSF's railroad right-of-way to the exclusion of BNSF. Since B&S claim is one that seeks exclusive use of the right-of-way, and therefore constitutes the regulation of rail transportation, it is preempted by the ICCTA and the STB, without regard to the extent of the encroachment. Since B&S's claim is

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 11

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

one for the exclusive use of BNSF's right-of-way, it is preempted and should be dismissed in favor of STB jurisdiction.

4.  <u>Even if the B&S Claim is Not Completely Preempted, it is Facially Preempted Because it Unreasonably Interferes with Railroad Transportation</u>

Even if B&S claim is not "completely" preempted, the application of B&S claim for adverse possession is preempted because it has the effect of unreasonably interfering with BNSF's rail operations.

In *City of Lincoln v. Surface Transportation Board*, the Fifth Circuit affirmed the STB's preemption of a state law condemnation action on the basis that the condemnation would "prevent or unduly interfere with railroad operations and interstate commerce." *City of Lincoln*, 414 F.3d at 862. In *City of Lincoln*, the City petitioned the STB for a determination that a state condemnation action would not be federally preempted as a state regulation of rail transportation. *Id.* at 858. The STB determined that the condemnation action had the effect of inferring with rail transportation. *Id.* at 860.

The court, on appeal, determined that the removal of a 20 foot strip along four city blocks of the line would leave insufficient right-of-way for such tasks as storage, loading and unloading, maintenance and derailment response. *Id.* at 861. It further concluded that the based upon the fact that condemnation is a "permanent action," the STB was entitled to rely upon future railway plans and

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 12

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

current uses to determine whether the use prevented an undue interference with railroad operations. *Id.* (quoting *Midland Valley R.R. Co. v. Jarvis,* 29 F.2d 539, 541 (8th Cir. 1928)) ("it can never be stated with certainty at what time any particular part of a right of way may become necessary for railroad uses").

B&S claim is also squarely the type of claim preempted in *City of Lincoln* because it has the effect of interfering with rail transportation. BNSF's predecessor-in-interest acquired the right-of-way in 1892. (Weatherhead Dec., ¶ 4, Ex. A). It is situated on the mainline between the City of Spokane and the City of Seattle and is one of the few main lines between west coast and east coast points. (Weatherhead Dec., ¶ 5). In addition to its essential function for linking the west coast and the east coasts, the right-of-way is utilized for the unloading and loading of trains, track maintenance purposes, and derailment response. (Weatherhead Dec., ¶¶ 5,6). B&S's claim will have the effect of carving off a piece of the BNSF right-of-way permanently, which will adversely affect both present day uses and present-day operational planning for future uses, as well as future uses. (Weatherhead Dec., ¶ 7).

> 5. <u>The Cases Relied Upon by B&S Are Not Inconsistent with the Above.</u>

The cases relied upon by B&S do not contradict the above authority because they do not involve claims for the exclusive use of railroad right-of-way.

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 13

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

In *Ass'n of American Railroads v. South Coast Air Quality Management District*, the Ninth Circuit ruled that an air quality regulation that was specifically targeted at railroads was preempted. *Ass'n of American Railroads v. South Coast Air Quality Management District,* 622 F.3d 1094, 1098 (2010). It held that because the promulgated rule had the effect of "managing or governing rail transportation" that it was specifically preempted. *Id.*

Similarly, in *Franks Investment Co., LLC v. Union Pacific Railroad Co.*, the Fifth Circuit ruled that the plaintiff's non-exclusive claim to use a railroad crossing was not preempted by the ICCTA. *Franks Investment Co., LLC v. Union Pacific R. Co.,* 593 F.3d 404, 412 (5th Cir. 2010). The court held that the claim was not preempted because the non-exclusive nature of the claim did not have the effect of regulating rail transportation operations. *Id.*[3]

Since this case involve a claim for fee simple title to, and exclusive use of BNSF's right-of-way it constitutes an effort to apply state law to the regulation or

---

[3] The STB acknowledged in *Jie Ao and Xin Jhou* that assertions of easements for crossing purposes present different issues. In this case, however, B&S does not seek and easement or shared use; it seeks to quiet title in fee simple for its exclusive use.

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 14

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

a railroad and it is thus squarely preempted by the ICCTA as it has the effect of regulating BNSF's use of its railroad right-of-way. The case should be dismissed.

C. **THIS CASE WAS PROPERLY REMOVED BY BNSF BECAUSE IT INVOLVES FEDERAL QUESTION JURISDICTION; MORE RECENTLY WE HAVE LEARNED IT ALSO INVOLVES DIVERSITY JURISDICTION.**

    1.    <u>Removal was Appropriate As This Case Involves a Federal Question.</u>

This is an action to transfer exclusive use and control of a portion of railroad right-of-way to B&S. This claim is completely preempted by federal law. Removal of a claim on the basis of federal preemption is permitted when there is complete preemption. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); 28 U.S.C. § 1441(b). The Supreme Court stated "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

This case presents a federal question, whether B&S can assert an adverse possession claim against BNSF for a portion of its railroad right-of-way, which is extensively and exclusively regulated by the STB and therefore is solely within the jurisdiction of the STB and preempt state law remedies. 49 U.S.C. § 10501 ("[R]emedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.").

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 15

**WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

The STB, the agency charged with interpreting the ICCTA, conclusively ruled that claims for adverse possession for the exclusive use of the railroad right-of-way, such as the claim advanced B&S, have been completely preempted. Since this claim has been completely preempted, it constitutes a federal claim arising under federal law, therefore permitting BNSF to remove it to federal court.

2. <u>In addition to a Federal Question, Removal is Permitted on the Basis of Diversity Jurisdiction.</u>

In addition, we have recently learned that this action is also properly removable pursuant to 28 U.S.C. § 1441(a) on the basis that all of the defendants are diverse and the amount in controversy exceeds $75,000.00, exclusive of interests in costs. This action is removable pursuant to 28 U.S.C. § 1441(a).

Complete diversity exists between the Plaintiff and all of the defendants as follows:

    a.    B&S, the Plaintiff, is a Washington limited liability company;

    b.    Defendant BNSF is a Delaware corporation, with its principal place of business in Fort Worth, Texas;

    c.    Defendant Citibank, N.A., successor in interest to The First National Bank of the City of New York, successor in interest to Morgan Guaranty Trust Company of New York is a national bank with a principal location of South Dakota; and

    d.    Defendant U.S. Bank Trust National Association, successor in interest to Morgan Guaranty Trust Company of New York is a national banking association with a principal location of Delaware.

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 16

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

This action involves a complaint to quiet title by B&S on behalf of the Wenatchee School District No. 246 to a portion of a building encroaching in BNSF right-of-way. (ECF No. 1-1 at 15) (Complaint ¶ 1.3). Undersigned counsel for BNSF was advised on July 12, 2012 that the escrow "hold-back" in the contract between B&S and the School District, possession to which turns upon the outcome of this litigation, is in the amount of $100,000. That sum is to be paid to Wenatchee School District No. 246 in the event that B&S claim is unsuccessful and the encroaching building needs to be removed. As a result, the amount in controversy exceeds $75,000.00. Under the "either viewpoint rule", the amount in controversy may be satisfied by showing the value of the lawsuit to either party. "The value of the 'thing sought to be accomplished by the action' may relate to either or any party to the action." *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944). The assertion of diversity jurisdiction in this matter is timely and proper.[4] 28 U.S.C. § 1441(b)(3).

---

[4] Though BNSF did not originally assert diversity jurisdiction in its notice of removal, because it did not know the amount in controversy at the time it removed, it is entitled to rely on diversity now that it knows the facts support that ground for jurisdiction. It is not required to amend or supplement its notice of removal. "Once a case has been properly removed, the district court has

RESPONSE TO MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF CROSS-MOTION
TO DISMISS - 17


WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

## IV.  CONCLUSION

B&S's claim for adverse possession is a claim for the exclusive use of federally regulated railroad right-of-way.  It is completely preempted by the ICCTA as it constitutes a regulation of rail transportation.  Since it is completely preempted, BNSF's properly filed a notice of removal to this Court; the motion for remand should be denied.  Since the STB has exclusive jurisdiction to decide B&S' claim, this matter should be dismissed in favor of STB's jurisdiction.

DATED this 19th day of July, 2012.

WITHERSPOON • KELLEY

*s/ Leslie R. Weatherhead*
Leslie R. Weatherhead, WSBA No. 11207
Nathan G. Smith, WSBA No. 39699

*Attorneys for Defendant,*
*BNSF Railway Company*

---

jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice."

*Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006)

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 18



WITHERSPOON • KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2012,

1. I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

   **Donald L. Dimmitt:** <u>dond@jdsalaw.com</u>, <u>lisah@jdsalaw.com</u>

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **none.**

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **none.**

4. I hereby certify that I caused to have overnighted the document to the following participants at the addresses listed below: **none.**

       *s/ Leslie R. Weatherhead*
       Leslie R. Weatherhead, WSBA No. 11207

RESPONSE TO MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS - 19



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728